**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**DEERE & COMPANY** *et al.,*

    **Plaintiffs,**

**v.**                                                    **Civil Action No. 3:15cv531**

**PROPERTY RESOURCES &**
**EXCAVATION, LLC** *et al.,*

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on the Motion to Dismiss filed by Defendants

Property Resources & Excavation, LLC and Merthia Forrest Haynie (collectively, the

"Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(7)[1] and 12(b)(6).[2]  (ECF

No. 9.)  Plaintiffs Deere & Company, John Deere Construction & Forestry Company (JDC &

FC), and John Deere Financial, f.s.b. ("John Deere Financial") (collectively, the "Plaintiffs"),

have responded.  (ECF No. 11.)  The Defendants have not replied, and the time to do so has

expired.  This matter is ripe for disposition.  The Court dispenses with oral argument because the

materials before the Court adequately present the facts and legal contentions, and argument

would not aid the decisional process.  The Court exercises jurisdiction pursuant to 28 U.S.C.

---

[1] Federal Rule of Civil Procedure 12(b)(7) allows dismissal for "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  Federal Rule of Civil Procedure 19 outlines persons required to be joined in an action if feasible.

[2] Federal Rule of Civil Procedure 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

§ 1332.[3]  For the reasons that follow, the Court will deny the Defendants' Motion to Dismiss, (ECF No. 9), and order the Plaintiffs to file a correctly worded Amended Complaint.

## I. Legal Standards

### A.    Federal Rule of Civil Procedure 12(b)(7) Standard

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal when a party has not been joined as required by Federal Rule of Civil Procedure 19.[4]  Rule 19 sets forth a two-step inquiry to determine whether a party should be joined in an action.  First, a district court must determine whether the party is "necessary" to the action under Rule 19(a).  *See Nat'l Union Fire Ins. Co. v. Rite* ex rel. *S.C.*, 210 F.3d 246, 250 (4th Cir. 2000).  Second, "if a necessary party is unavailable for some reason, it must be determined whether the party is 'indispensable' to the case, in that the party's appearance is so essential that the case must be dismissed." *DPR Const., Inc. v. IKEA Prop., Inc.*, No. 1:05cv259, 2005 WL 1667778, at *2 (E.D. Va. July 5, 2005).

"The party asserting the Rule 12(b)(7) defense bears the burden of showing that a person not joined is necessary and indispensable pursuant to Rule 19." *Marina One, Inc. v. Jones*, 22 F. Supp. 3d 604, 607 (E.D. Va. 2014) (citing *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005)).  "A court addressing such a defense may consider evidence presented outside of the pleadings." *Id.* (citing *R–Delight Holding LLC v. Anders*, 246 F.R.D. 496, 499 (D. Md. 2007)).

---

[3] The parties are diverse and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

[4] Rule 19 states that a party is necessary to a lawsuit under one of two conditions: (1) when the party must be present in order to award "complete relief"; or, (2) when the party has an interest in the action such that his or her interest cannot be represented and protected without appearing in the lawsuit.

## B. Federal Rule of Civil Procedure 12(b)(6) Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those stating a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

## II.  Factual and Procedural Background

This action arises out of disputes concerning nine equipment contracts (the "Equipment Contracts") and a revolving agricultural/commercial credit account (the "Multi-Use Account"), executed between either Deere & Company, JDC & FC, or John Deere Financial and the Defendants.  The Plaintiffs seek sums due under the Equipment Contracts and the Multi-Use Account, as well as the actual equipment that serves as collateral under the Equipment Contracts. Relevant to the motion before the Court, the Defendants posit that the Plaintiffs have failed to join the assignor of the Equipment Contracts and the Multi-Use Account as a party to this case, despite alleging that the contracts were assigned to the Plaintiffs.

### A.      Summary of Allegations in the Complaint[5]

Because the crux of the issue before the Court is whether the Plaintiffs have failed to join a required party that holds interests in the Equipment Contracts and the Multi-Use Account, the Court discusses those contracts, including any provisions discussing the parties to the contract and any possible rights of third parties, in turn.

#### 1.      The Equipment Contracts

The Equipment Contracts constitute loan agreements between either Deere & Company or JDC & FC and the Defendants.[6] John Deere Financial does not participate in the Equipment Contracts.  Paragraph 1 of each of the Equipment Contracts provides as follows:

> The Loan Contract — Security Agreement ("Contract") is entered into between [Deere & Company or JDC & FC] ("we," "us" or "our") and the borrower(s) indicated above ("you" or "your") . . . .

---

[5] For purposes of this motion to dismiss, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to the Plaintiffs. *Matkari*, 7 F.3d at 1134.

[6] While the Equipment Contracts reference the seller of the equipment, the Equipment Contracts make clear that any rights and obligations between the Defendants and the seller are independent of the obligations owed under the Equipment Contracts.

(Equipment Contracts ¶ 1, ECF Nos. 1-1, 1-3, 1-5, 1-8, 1-10, 1-14, 1-16, 1-19, 1-21.) Each

Paragraph 2 states:

> You hereby apply for a loan in the Amount Financed shown below, which, if
> accepted by us, the loan will be (a) subject to the terms and conditions set forth in
> this Contract, and (b) used to finance the balance due on the purchase from the
> Seller of the equipment and/or services described below . . . .

(*Id.* ¶ 2.) Each Paragraph 3 provides that the Defendants' payment obligations are absolute,

unconditional, and not subject to reduction, cancellation, or setoff for any reason. Relatedly,

each Paragraph 14 states that the Defendants cannot withhold any amount owed to either Deere

& Company or JDC & FC if the Defendants believe they have a claim against the seller. The last

page of the Equipment Contracts bears the signature of an authorized agent of either Deere &

Company or JDC & FC.

## 2. **The Multi-Use Account**

The Multi-Use Account constitutes a revolving credit account involving only John Deere

Financial. It identifies John Deere Financial as the lender and does not purport to identify an

assignment made to John Deere Financial. The Multi-Use Account grants John Deere Financial

the right to charge back transactions to a merchant, which, if exercised, assigns rights under the

Multi-Use Account to the merchant for that transaction. The account holder then becomes

obligated to pay the merchant. The Complaint does not indicate whether such a chargeback has

taken place. Rather, it provides that "[t]he full outstanding balance on the Multi-Use Account is

currently due and payable to John Deere Financial, f.s.b." (Compl. ¶ 67 (emphasis added).)

## B. **Procedural History**

The Plaintiffs allege in the four-count Complaint the following causes of action:

(1) monetary judgment in favor of Deere & Company for the breach of eight contracts;

(2) monetary judgment in favor of JDC & FC for the breach of one contract; (3) breach of multi-

use account in favor of John Deere Financial; and, (4) detinue in favor of the Plaintiffs.  Deere &

Company seeks judgment in the amount of $1,055,233.90; JDC & FC requests judgment in the

amount of $116,802.82; and, John Deere Financial requests judgment in the amount of

$345,395.32.  The Plaintiffs seek possession of the collateral, as well as interest, costs, and

attorneys' fees.

The Defendants pursue dismissal because, "[t]he assignors of the contracts"—as alleged

in the Complaint—"are not expressly identified or joined in this Federal action."  (Defs.' Mem.

Supp. at 1, ECF No. 10.)  The Defendants argue that this purported failure warrants dismissal

under Rules 12(b)(7) and 12(b)(6).  Plaintiffs respond that the Complaint's repeated description

of a contract "assigned to" a defendant entity should have said "accepted by" that same entity.

This scrivener's error, they argue, does not warrant dismissal.

### III.  Analysis

The Defendants' arguments under both Rules 12(b)(7) and 12(b)(6) hinge entirely on the

assumption that the Plaintiffs obtained the Equipment Contracts and the Multi-Use Account by

assignment.  One repeated allegation of the Complaint supports this position.  (*See* Compl. ¶¶ 9,

14, 19, 24, 29, 34, 39, 45, 51 (each allegation noting that the respective contract was "assigned

to" either Deere & Company or JDC & FC).)  But viewing the Complaint in its entirety—and, in

particular, the contracts attached to it—makes clear that the Plaintiffs constitute the originators of

the contracts in question.  Any language to the contrary reflects substantive typographical errors,

which the Plaintiffs have designated as "scrivener's errors."[7] Thus, the Complaint will not be

read to indicate the existence of an unidentified assignor, and the Plaintiffs have not failed to join

a required party.  For the reasons stated below, the Court will deny the Defendants' Motion to

Dismiss and order the Plaintiffs to file a correctly worded Amended Complaint.

### A.   The Plaintiffs Have Not Failed to Join a Required Party

The Defendants' argument under Rule 12(b)(7) boils down to the following:  because the

Plaintiffs allege that the contracts at issue were "assigned to" either Deere & Company, JDC &

FC, or John Deere Financial, an unidentified assignor necessarily exists, which the Plaintiffs

have failed to join.  Notwithstanding the speculative nature of this argument,[8] it fails.

Rule 12(b)(7) provides for dismissal when a required party under Rule 19 has not been

and cannot be joined in an action.  The Defendants posit that an unidentified assignor constitutes

the required party here.  Before analyzing whether an unidentified assignor may constitute a

required party, the Court first looks to whether the Plaintiffs actually allege assignments of the

---

[7] The Plaintiffs characterize their repeated use of "assigned to" as scrivener's errors.
(Pls.' Opp. to Mot. Dismiss at 4, ECF No. 11.)  In the contract interpretation context,
"scrivener's errors are those which are demonstrably contradicted by all other documents and are
such errors as those evidenced in the writing that can be proven without parol evidence." *Tiger
Fibers, LLC v. Aspen Specialty Ins. Co.*, 594 F. Supp. 2d 630, 641 (E.D. Va. 2009) (citations
omitted) (applying Virginia law).  In that context, "[w]hether a scrivener's error exists is a
question of law." *Id.*
　　　The scrivener's error doctrine prohibits use of parol evidence, and it generally applies to
disputed documents in a case, not to an attorney's pleading describing that document.  Here,
when asking the Court to interpret their pleading, a Complaint, the Plaintiffs ask the Court to
look at the underlying contracts (which would be akin to parol evidence).  Rule 12(b)(7), which
the Plaintiffs also cite, allows a court to consider matters outside the pleadings when seeking to
dismiss a complaint.  Therefore, the Court need not apply the scrivener's error doctrine.  The
upshot of looking beyond the Complaint to review its exhibits here demonstrates that the
contracts before the Court plainly do not "assign" anything.

[8] The Defendants argue that the putative assignor would remain an interested party in the
event the assignments were partial in nature.  The Defendants, however—despite moving
pursuant to Rule 12(b)(7) and carrying the burden of proof—offer nothing in the form of
evidence supporting the existence of any assignment, let alone a partial one.

Equipment Contracts and the Multi-Use Account. If no assignments took place, no assignor holding an interest in the outcome of this case could be found to exist. In a vacuum, the Complaint's repeated inclusion of the phrase "assigned to" could support the Defendants' position. But the Complaint in its entirety—and specifically, the exhibits attached—plainly demonstrate that the relevant John Deere entities entered into contracts. Nothing suggests that any John Deere entity was "assigned to" any contract.

First, none of the Equipment Contracts or the Multi-Use Account lists the name of an assignor or the existence of an assignment involving a John Deere entity as assignee. Instead, the Equipment Contracts and the Multi-Use Account clearly indicate that the contracts are between parties to this action. The Equipment Contracts provide, at the outset: "The Loan Contract — Security Agreement ("Contract") is entered into between [Deere & Company or JDC & FC] ("we," "us" or "our" and the borrower(s) indicated above ("you" or "your") . . . ." (Equipment Contracts ¶ 1.) The Multi-Use Account similarly states: "You agree to pay [John Deere Financial] all amounts charged by the use of the Account, plus Finance Charges, and the other charges described below, as provided in this Agreement." (Multi-Use Account at 1, ECF No. 24.) Thus, the contracts themselves demonstrate that the Plaintiffs constitute the originators of the contracts and not assignees.

Second, with respect to the Equipment Contracts specifically, the signature on the last page of each contract demonstrates that the Equipment Contracts exist between the Defendants and either Deere & Company or JDC & FC. (ECF Nos. 1-1, 1-3, 1-5, 1-8, 1-10, 1-14, 1-16, 1-19, 1-21, 1-24.) An authorized representative from either Deere & Company or JDC & FC signed each document. (*Id.*)

Third, the Equipment Contracts each provide the phrase "accepted by" next to the signature of the representative of either Deere & Company or JDC & FC, depending on which entity constitutes the party to the contract. (Equipment Contracts at 5, ECF Nos. 1-1, 1-3, 1-5, 1-8, 1-10, 1-14, 1-16, 1-19, 1-21.) This directly contradicts the phrasing employed in the Complaint, which would explain why the Plaintiffs seek, creatively, to invoke the scrivener's error doctrine in addressing their Complaint. *Cf. Tiger Fibers, LLC*, 594 F. Supp. 2d at 641 ("[S]crivener's errors are those which are demonstrably contradicted by all other documents."). The dates accompanying the signatures match those provided in the Complaint. There can be little doubt that the Complaint references the contracts attached to it.

Ultimately, the Court fails to see how the Complaint could allege anything other than what the documents attached to it at filing actually provide. Thus, the Defendants have not met their burden under the Rule 12(b)(7) motion they bring. In the interest of justice and for good cause, the Plaintiffs' motion will be interpreted as one to Amend the Complaint under Federal Rule of Civil Procedure 15(a)(2). Because leave to amend the Complaint should be freely granted, the Court will allow the Plaintiffs to file an Amended Complaint for the limited purpose of correcting the improvidently worded "assigned to" phrases to read "accepted by." *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

**B.     The Plaintiffs State a Claim Upon Which Relief Can Be Granted**

In the alternative, the Defendants contend that the Plaintiffs fail to state a claim upon which relief can be granted, warranting dismissal under Rule 12(b)(6). The Defendants tersely argue: "The way things stand at the moment, there is no way to determine whether as a result of the alleged assignments the Plaintiffs obtained the cause of action, the chose in action, the right

9

of action or some other stick in the bundle of property rights." (Defs.' Mem. Supp. at 9.) Because the Complaint and its attachments, when viewed in their entirety, allege that the John Deere entities entered into the Equipment Contracts and the Multi-Use Account rather than having received an assignment as to them, no confusion exists as to whom the Plaintiffs claim Defendants owe. The common sense correction ordered here assures that the case will address an Amended Complaint that demonstrates "'that the [Plaintiffs are] entitled to relief,'" and "'give[s] the [D]efendant[s] fair notice of what the . . . claim[s are] and the grounds upon which [they] rest[].'" *Twombly*, 550 U.S. at 555 (omission in original) (quoting *Conley*, 355 U.S. at 47). The Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) will be denied.

## IV. Conclusion

For the foregoing reasons, the Court will deny the Defendants' Motion to Dismiss. (ECF No. 9.) The Court will also order the Plaintiffs to file a correctly worded Amended Complaint. An appropriate Order shall issue.

/s/  
M. Hannah Lauck  
United States District Judge

Richmond, Virginia  
Date  7/5/16